UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/17

| | |
|---|---|
| JAMES GORMLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGICJACK VOCALTEC LTD., GERALD VENTO, and JOSE GORDO,<br><br>Defendants. | Case No. 1:16-cv-01869<br><br>Hon. Victor Marrero<br><br>**LEAD PLAINTIFF'S NOTICE OF UNOPPOSED MOTION FOR (I) PRELIMINARY APPROVAL OF SETTLEMENT, (II) CERTIFICATION OF THE SETTLEMENT CLASS, AND (III) APPROVAL OF NOTICE TO THE SETTLEMENT CLASS** |

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff James Gormley and Lead Plaintiff Samuel Saad Revocable Trust ("Plaintiffs"), by and through their counsel, will and hereby do move this Court, under Rule 23 of the Federal Rules of Civil Procedure, for entry of an order: (i) preliminarily approving the proposed Settlement; (ii) certifying the proposed Settlement Class, certifying Plaintiffs as class representatives, and appointing Lead Counsel as class counsel for purposes of the Settlement; (iii) approving the form and manner of giving notice of the proposed Settlement to Settlement Class Members; and (iv) scheduling a hearing to consider final approval of the Settlement and approval of the Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

Plaintiffs' motion is supported by the Stipulation of Settlement dated September 20, 2017 (filed herewith as Docket No. 54), including the exhibits attached thereto, and the accompanying

brief in support. Attached hereto is the parties' agreed-upon Proposed Order granting Plaintiffs' motion.

Dated: September 28, 2017

Respectfully submitted,

LEVI & KORSINSKY, LLP

/s/ Adam M. Apton
Nicholas I. Porritt
Adam M. Apton
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Lead Plaintiff Samuel Saad Revocable Trust and Lead Counsel for the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES GORMLEY, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>MAGICJACK VOCALTEC LTD., GERALD VENTO, and JOSE GORDO,<br><br>                   Defendants. | Case No. 1:16-cv-01869<br><br>Hon. Victor Marrero |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**WHEREAS**, a consolidated class action is pending before the Court entitled *Gormley v. magicJack Vocaltec Ltd. et al*, 1:16-cv-01869;

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for (I) Preliminary Approval of Settlement, (II) Certification of the Settlement Class, and (III) Approval of Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used

herein have the meanings set forth and defined in the Stipulation.

2.   This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Class Members.

3.   The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable, and adequate as to all Class Members, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiff or segments of the Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

## Conditional Certification of the Class

4.   For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Class"):

> All Persons who sold or otherwise divested magicJack securities on the public market between November 12, 2013 and March 12, 2014, and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of magicJack; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of their immediate families; and the legal representatives, heirs, or successors-in-interest of magicJack and the Defendants.

5.   The Court preliminarily finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies a class solely for purposes of this Settlement, finding that: (a) the number of Class Members is so

numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff has fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that Lead Plaintiff has fairly and adequately represented the interests of the Class, the Court conditionally appoints Lead Plaintiff as the class representative for the Class. The Court finds that Lead Counsel has fairly and adequately represented the interests of the Class, and conditionally appoints Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. These conditional appointments are solely for purposes of effectuating the Settlement.

7. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8. The Court approves the appointment of Signature Bank as the Escrow Agent to manage the Escrow Account for the benefit of the Settlement Class.

9. The Court approves the appointment of JND Legal Administration as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

### Stay Order

10. The Court orders the stay of any pending litigation in the Action and enjoins the

initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against the Released Parties generally and the Released Defendant Parties specifically.

### Form and Timing of Notice

11.     The Court hereby approves, as to form and content, the proposed Notice, substantially in the form annexed hereto as Exhibit A-1, and directs that as soon as practicable after entry of this Order, but no later than fourteen (14) days after entry of this Order granting preliminary approval ("Notice Date"), that the Claims Administrator provide the Notice to each known Class Member via first class U.S. mail, postage pre-paid. magicJack shall cooperate in the identification of Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. The Claims Administrator shall file with the Court proof of mailing of the Notice seven (7) days prior to the Settlement Hearing.

12.     Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired magicJack securities for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of magicJack securities purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. The Claims Administrator shall provide the Notice to each Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

13.     The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

14.     The Court hereby approves, as to form and content, the proposed form Publication

Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that no later than fourteen (14) days after entry of this Order granting preliminary approval the Claims Administrator shall cause such Publication Notice to be published on a national business newswire. The Claims Administrator shall file with the Court proof of publication of the Publication Notice seven (7) days prior to the Settlement Hearing.

15. The Court approves the proposed Proof of Claim substantially in the form of Exhibit A-2 hereto.

16. The Court orders that the Notices, Proof of Claim form, Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

17. This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

## Participation and Exclusion

18.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than one hundred ten (110) days after entry of this Order granting preliminary approval.

19.     Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

20.     Any person falling within the definition of the Class may seek to be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty one (21) days prior to the date of the Settlement Hearing. Any Request for Exclusion that does not supply the information required by this Paragraph 20 shall be rejected, and

any such Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

21. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

### Settlement Hearing; Right to Appear and Object

22. The Settlement Hearing shall take place before the undersigned, United States District Judge Victor Marrero, in Courtroom 11B, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, on January 19, 2018, at 1:30 p.m., to determine:

(a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b) Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

(c) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(d) Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(e) Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

(f) Whether the application for Compensatory Awards to be submitted on behalf of Lead Plaintiff should be approved; and

(g) Such other matters as the Court may deem necessary or appropriate.

23. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Class Members.

24. Lead Counsel and/or Defendants' Counsel shall submit papers in support of the Settlement, Plan of Allocation and Award of Attorney Fees and Expenses, and Lead Plaintiff's Compensatory Awards no later than thirty five (35) days prior to the Settlement Hearing.

25. Any Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty one (21) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Class Member; (ii) to which part of the Stipulation the Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Class Member wishes to bring to the Court's attention. Such Class Member shall also provide documentation sufficient to establish the amount magicJack securities sold or divested from November 12, 2013 through March 12, 2014 (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

26. Objection materials must be sent to:

8

    <u>Lead Counsel</u>:    Nicholas I. Porritt
Levi & Korsinsky, LLP
1101 30th Street, NW, Suite 115
Washington, D.C. 20007
nporritt@zlk.com

27. Upon receipt of the objection materials, Lead Counsel shall immediately send such materials to Defendants' Counsel.

28. Lead Counsel shall file all objections with the Court seven (7) days prior to the Settlement Hearing. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed seven (7) days prior to the Settlement Hearing.

29. The Defendants shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

30. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

31. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

32. If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be

foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

### Other Provisions

33. Upon payment of the Settlement consideration to the Escrow Account by Defendants and Insurer, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants and Insurer pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order.

34. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from magicJack's shareholder transfer records, in no event shall the Released Defendant Parties have any responsibility for the administration of the Settlement, and the Released Defendant Parties shall not have any obligation or liability to the Releasing Plaintiff Parties in connection with such administration.

35. No Person shall have any claim against Released Plaintiff Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

36. The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action. They contend that they did not make any materially false or misleading statements, they disclosed all material information required to be disclosed, and any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by other events. The Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

37. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

38. The Released Parties, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any other theory of claim preclusion or issues preclusion or similar defense or counterclaim.

39. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

40.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in Paragraph 22 above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**SO ORDERED** in the Southern District of New York on 28 September, 2017.

THE HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE