```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES GORMLEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MAGICJACK VOCALTEC LTD., GERALD VENTO, and JOSE GORDO,

    Defendants.

Case No. 1:16-cv-01869

Hon. Victor Marrero

---

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS**, this matter came before the Court for hearing pursuant to an Order of this Court, dated September 29, 2017, on the application of Plaintiff James Gormley and Lead Plaintiff Samuel Saad Revocable Trust ("Plaintiffs") and the Defendants for approval of the Settlement set forth in the Stipulation of Settlement, dated as of September 20, 2017:

(A) For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certified this Litigation as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All Persons who sold or otherwise divested magicJack securities on the public market between November 12, 2013 and March 12, 2014, and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of magicJack; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of their immediate families; and the legal representatives, heirs, or successors-in-interest of magicJack and the Defendants.

(B) Pursuant to the Preliminary Approval Order entered on September 29, 2017, this Court scheduled a Settlement Hearing for January 19, 2018, at 1:30 p.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and requests for Lead Counsel's fees and expenses and Plaintiffs' incentive awards are fair, reasonable, and adequate, and should be approved by the Court (the "Settlement Hearing");

(C) The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice;

(D) Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on January 19, 2018, and the Court having considered all papers filed and proceedings in this Litigation and otherwise being fully informed of the matters herein, and for the reasons stated on the record on January 19, 2018, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Action, including all Class Members.

3. Except as to any individual or entity who has validly and timely requested exclusion from the Settlement (identified in Exhibit A attached hereto), Plaintiffs and all members of the Settlement Class are bound by this Order and Final Judgment (the "Judgment").

4. This Court finds that the distribution of the Notice (including the Summary Notice

and Supplemental Notice), and the notice methodology, all of which were implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

    (a)    Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

    (b)    Were reasonably calculated, under the circumstances, to apprise the Settlement Class of: (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

    (c)    Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    (d)    Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

5.    The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Class, and in the best interests of the Class taking into account, *inter alia*, the benefits to the Class;

the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

7.  The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable, and adequate in all respects, in accordance with the terms and provisions therein, and Plaintiffs and members of the Class, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

8.  The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

9.  Upon the Effective Date, the Releasing Persons, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any member of the Settlement Class any of the Released Claims (or to obtain the proceeds of any recovery therefrom) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed (i) all Released Claims (including Unknown Claims) against the Released Persons, whether or not such member of the Settlement Class executes and delivers a Proof of Claim and Release form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Plaintiffs' Fee and Expense Award, as well as (ii) any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Litigation or the Released Claims; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement. Upon the Effective Date, and without

- 4 -

any further action, the Plaintiffs further agree not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Released Persons relating to any Released Claim, except as required by law.

10. Upon the Effective Date, Releasing Persons, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any member of the Settlement Class any of the Released Claims (or to obtain the proceeds of any recovery therefrom) are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons, as well as any claims arising out of, relating to, or in connection with the defense, settlement or resolution of the Litigation or the Released Claims; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

11. Upon the Effective Date, Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Persons Claims against each and every one of the Releasing Persons, and shall forever be barred and enjoined, without the necessity of any of the Releasing Persons, posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Persons Claims against any of the Releasing Persons.

12. In accordance with 15 U.S.C. § 78u-4(f)(7), claims for contribution arising out of any Released Claim, including, but not limited to, any claims that arise out of the Litigation (i) by any Person against a Released Person, and (ii) by any Released Person against any Person other

than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

13. Any plan of allocation submitted by Plaintiffs or any other order entered regarding Lead Counsel's Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

16. The Court finds that during the course of the Litigation, Plaintiffs and Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. This Litigation is dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

19. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

SO ORDERED in the Southern District of New York on 19 January, 2018.

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

- 7 -

# EXHIBIT A

The following entity is excluded from the Settlement:

Claritas Administração de Recursos LTDA